UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOAM EISEN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>EMILY DAY,<br><br>        Defendant. | Case No. 21-cv-05349-VKD<br><br>**ORDER RE MOTION FOR RELIEF FROM CASE MANAGEMENT ORDER**<br><br>Re: Dkt. No. 32 |

On July 13, 2022, defendant-counterclaimant Emily Day and counterclaimant Cosmo Alleycats, LLC (collectively, "Day parties") filed a motion to stay proceedings in this case and to modify the case management schedule due to their counsel's illness and the need to secure new counsel. Dkt. No. 32. On August 3, 2022, the Day parties advised the Court that they have secured new counsel (Dkt. No. 39), and Andrew McClelland entered his appearance on their behalf (Dkt. No. 41). Plaintiffs oppose the motion to stay proceedings and to modify the case management schedule. Dkt. No. 36.

A case management order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the Court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citation and quotations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Here, original counsel for the Day parties, Cari Cohorn, represents that she became ill with COVID-19 in January 2022, and that she continues to experience long-lasting complications from the illness. Dkt. No. 32 at 3. She explains that although she has had periods of "near-full recovery," she has also been hospitalized on several occasions. *Id.* Ms. Cohorn has recently concluded that her illness interferes with her ability to competently represent her clients (*id.* at 4), and the Day parties have now retained new counsel (Dkt. No. 39). Plaintiffs do not question Ms. Cohorn's representations regarding her illness. However, they oppose a modification of the case management schedule because they say that she should have taken steps months ago to address the impact of her illness on her ability to represent her clients. Dkt. No. 36 at 8-9.

According to the Centers for Disease Control, Long COVID or Post-COVID Conditions "can include a wide range of ongoing health problems; these conditions can last weeks, months, or years." *See* https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects/index.html (visited Aug. 2, 2022). The circumstances that produce these conditions are not well understood. *Id.* While it appears that during the past six months, the Day parties have been responsible for numerous delays in the completion of discovery tasks and for postponing the settlement conference, the Court does not conclude that these delays arise from counsel's lack of diligence. Perhaps Ms. Cohorn should have concluded earlier that she could not continue to represent her clients, even with the assistance of contract attorneys or supporting counsel. However, in the circumstances presented, the Court finds good cause for a modest adjustment of the case management schedule to accommodate the Day parties' need for new counsel to act on their behalf for the remainder of the case.

Accordingly, the Court orders as follows:

1. The parties must confer regarding modifications to the case management schedule and, by **August 18, 2022**, the parties must jointly submit a further case management statement advising the Court of (1) the status of fact and expert discovery, (2) proposed deadlines for the completion of fact and expert discovery, (3) any anticipated dispositive motions or *Daubert* motions, and (4) a proposed last day for hearing on such dispositive/*Daubert* motions. The Court does not expect it will be necessary to modify the dates set for the pretrial conference and the trial.

*See* Dkt. No. 29.  However, if any party believes that such modification is necessary, it may advise the Court of the party's suggested modification in the further case management statement.

    2.    The Court will hold a further case management conference on **August 23, 2022 at 1:30 p.m.** via Zoom webinar.

**IT IS SO ORDERED.**

Dated: August 4, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge