1

2

3

4              UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6                      SAN JOSE DIVISION

7

8    NOAM EISEN, et al.,                    Case No.  21-cv-05349-VKD

                  Plaintiffs,
9
                                            **ORDER DENYING PLAINTIFFS'**
10        v.                                **MOTION FOR SUMMARY**
                                            **ADJUDICATION OR PARTIAL**
11   EMILY DAY,                             **SUMMARY JUDGMENT**

12                Defendant.                Re: Dkt. No. 76

13   AND RELATED COUNTERCLAIMS

14

15        Plaintiffs Noam Eisen and The Cosmo Alleycats general partnership (collectively, "Eisen

16   parties") move for summary adjudication or partial summary judgment with respect to four claims

17   asserted against defendant Emily Day.  Dkt. No. 76.  The motion asks the Court to determine as a

18   matter of law that Ms. Day breached her obligations to Mr. Eisen arising from an alleged

19   partnership with respect to the business of a jazz band called The Cosmo Alleycats.  *See id.*  Ms.

20   Day opposes the motion.  Dkt. No. 95.[1]

21        The Court held a hearing on the motion on October 24, 2023.  Dkt. No. 101.  Upon

22   consideration of the moving and responding papers, as well as the arguments presented at the

23   hearing, the Court denies the Eisen parties' motion for summary adjudication or partial summary

24   judgment.

25

26

27

28   ───────────────────────
     [1] All parties have expressly consented that all proceedings in this matter may be heard and finally
     adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 5, 6.

United States District Court
Northern District of California

1

United States District Court
Northern District of California

# I.       BACKGROUND

Unless otherwise stated, the following facts are undisputed.

This litigation involves a dispute between the members of a jazz band.  Stephen Height, David Kellerman, Michael Burns, Pete Cornell, Nick Rossi, and Emily Wade Adams formed The Cosmo Alleycats in 2009.  Dkt. No. 95 at ECF 32 (Height Decl. ¶ 2); *id.* at ECF 47 (Height dep. Tr. 12:1-3). [2]  In 2011, Mr. Eisen replaced Mr. Kellerman as the group's piano player.  *Id.* at ECF 32 (Height Decl. ¶ 4); Dkt. No. 76-1 ¶ 2 (Eisen Decl.).  In 2012 or 2013, Ms. Adams, the lead vocalist, also left the band, and Ms. Day took her place.  Dkt. No. 95 at ECF 32 (Height Decl. ¶ 5); *id.* at ECF 40 (Day Decl. ¶ 2).  Mr. Rossi left the band at some point before 2020, although the exact date is not clear from the record.  Dkt. No. 76-1 ¶ 44 (Eisen Decl.).  Trumpet player Andrew Storar joined the band in 2015.  *Id.* ¶ 24.[3]

In 2013, around the time that Ms. Day joined the band, Mr. Eisen had a conversation with Mr. Height, in which Mr. Height agreed that Mr. Eisen and Ms. Day would assume a greater role in managing the band and seeking out private gigs.  Dkt. No. 76-1 ¶ 7 (Eisen Decl.); Dkt. No. 95 at ECF 32 (Height Decl. ¶ 6).  The substance and import of this conversation is disputed.  *See* Dkt. No. 76-1 ¶ 7 (Eisen Decl.); Dkt. No. 95 at ECF 125 (Eisen dep. Tr. 71:18-73:1*); id* at ECF 54 (Height dep. Tr. 59:4-7).

From 2014 until November 11, 2020, Mr. Eisen and Ms. Day booked, negotiated contracts for, and distributed payment from most of the band's private gigs.  Dkt. No. 76-1 ¶¶ 13-16 (Eisen Decl.); Dkt. No. 95 at ECF 40 (Day Decl. ¶ 3).  In November of 2020, the other band members learned that Mr. Eisen had submitted a trademark application for The Cosmo Alleycats' name and logo in his own name without informing them.  *Id.* at ECF 34 (Height Decl. ¶ 15*); id.* at ECF 40 (Day Decl. ¶ 7).  Mr. Eisen also started referring to himself as the band's "principal owner" in a November 8, 2020 email.  *See id.* at ECF 40 (Day Decl. ¶ 7); *id.* at ECF 74.  Ms. Day and the

---

[2] The Court uses "at ECF __" to refer to the pagination that appears in the top margin of the briefs and supporting materials filed by the parties.

[3] Mr. Storar "retired" from The Cosmo Alleycats in 2022.  Dkt. No. 76-2 at ECF 124 (Storar dep. Tr. 21:24-25).

1    other members of the band objected to both of these actions and advised Mr. Eisen in a November

2    11, 2020 email that he was "terminated" from the band.  Dkt. No. 76-1 ¶¶ 40-42 (Eisen Decl.); *id.*

3    at ECF 66 (Ex. S).

4         The Eisen parties filed an action on March 26, 2021 in San Francisco County Superior

5    Court, asserting claims against Ms. Day and unnamed Doe defendants for (1) breach of oral

6    contract, (2) breach of implied contract, (3) breach of fiduciary duty, (4) interference with

7    contracts, (5) interference with prospective economic relations, (6) conversion, (7) unfair

8    competition under Cal. Bus. & Prof. Code § 17200, (8) accounting, (9) defamation, and (10)

9    injunctive relief/declaratory judgment.  Dkt. No. 1 at ECF 5-25 (Eisen Compl.).  Ms. Day and

10   Cosmo Alleycats, LLC filed several counterclaims against Mr. Eisen on June 24, 2021 and

11   removed the case to federal court shortly thereafter.  *Id.* at ECF 38-54 (Day Cross Compl.).

12   ## II.    LEGAL STANDARD

13        A court must grant summary judgment if there are no genuine disputes of material fact

14   and, drawing all reasonable inferences in favor of the non-moving party, the movant is entitled to

15   judgment as a matter of law on a claim, defense, or part thereof.  Fed. R. Civ. P. 56(a); *Celotex*

16   *Corp. v. Catrett*, 477 U.S. 317, 321 (1986).  Material facts are those that might affect the outcome

17   of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material

18   fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the

19   nonmoving party.  *Id.*

20        A party seeking summary judgment bears the initial burden of informing the court of the

21   basis for its motion, and of identifying those portions of the pleadings and discovery responses

22   that demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  When,

23   as here, the moving party will have the burden of proof at trial, it must affirmatively demonstrate

24   that no reasonable trier of fact could find other than for the moving party.  *Southern Calif. Gas.*

25   *Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).  If the moving party fails to carry its

26   initial burden of production, the nonmoving party has no obligation to produce anything.  *Nissan*

27   *Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000)

28        If the moving party meets its initial burden, the opposing party must then set forth specific

United States District Court
Northern District of California

3

United States District Court
Northern District of California

facts showing that there is some genuine issue for trial in order to defeat the motion. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250. "A party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Anderson*, 477 U.S. at 254. "Instead, the non-moving party must go beyond the pleadings and by its own evidence set forth specific facts showing that there is a genuine issue for trial." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (cleaned up). The non-moving party must produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

"If the court does not grant all the relief requested by the motion [for summary judgment], it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). "[T]his provision 'becomes relevant *only after* the court has applied the summary-judgment standard . . . to each claim, defense, or part of a claim or defense, identified by the motion.'" *Steeped, Inc. v. Nuzee, Inc.*, No. 19-CV-03763-HSG, 2020 WL 6891832, at *2 (N.D. Cal. Nov. 24, 2020) (quoting Fed. R. Civ. P. 56(g) advisory committee's notes to 2010 amendment). A court has discretion to find—or decline to find—that particular facts are not in dispute under Rule 56(g). *See* Fed. R. Civ. P. 56(g) advisory committee's notes to 2010 amendment; *Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-CV-00923-BLF, 2018 WL 11230167, at *8 (N.D. Cal. May 21, 2018).

## III.   DISCUSSION

The Eisen parties' motion is directed to four claims: (1) Ms. Day's alleged breach of an implied and/or oral partnership agreement (claims 1 and 2); (2) Ms. Day's alleged breach of her fiduciary duties to Mr. Eisen under that partnership agreement (claim 3); and (3) Ms. Day's alleged conversion of the partnership's assets for her own benefit (claim 6). Dkt. No. 76 at ECF 2.

### A.   Ms. Day's Objections to Evidence

Ms. Day objects to testimony in Mr. Eisen's declaration regarding the band's past and future revenues (Dkt. No. 76-1 ¶¶ 13, 14, 29, 45, 36), and to the declarations of Mr. Eisen and David L. Rouda filed with Mr. Eisen's reply brief (Dkt. Nos. 98-1, 98-2). Dkt. No. 95 at ECF 24-25; Dkt. No. 99 at 1. Because the Court does not rely on any of the disputed evidence in deciding

the Eisen parties' motion, it declines to address these objections.

**B.      Claims 1, 2, 3, and 6**

The Eisen parties' motion depends on the thesis that a general partnership was formed during the period from at least 2014 through November 11, 2020 and that Mr. Eisen was a member of the partnership.  Dkt. No. 76 at ECF 19.  The Eisen parties seek summary adjudication or partial summary judgment that Ms. Day necessarily breached the terms of the partnership agreement and her fiduciary duties to Mr. Eisen by terminating him from the band and its business, and that she converted the assets of the partnership to her own benefit, including by allowing Cosmo Alleycats, LLC to exploit those assets.  *Id.* at ECF 26-30.

Under California law, "the association of two or more persons to carry on as coowners a business for profit forms a partnership, whether or not the persons intend to form a partnership." Cal. Corp. Code § 16202(1).[4]  "A partnership need not be evidenced by writing.  It is immaterial that the parties do not designate the relationship as a partnership or realize that they are partners, for the intent may be implied from their acts."  *Eng v. Brown*, 21 Cal. App. 5th 675, 694 (2018) (quoting *Greene v. Brooks*, 235 Cal. App. 2d 161, 166 (1965)); s*ee also Holmes v. Lerner*, 74 Cal. App. 4th 442, 454 (1999) ("the intent of the parties revealed in the terms of their agreement, conduct, and the surrounding circumstances" is the "crucial factor" in determining whether a partnership exists); *In re Marriage of Geraci*, 144 Cal. App. 4th 1278, 1293 (2006) ("It is the intent to do the things which constitute a partnership that usually determines whether or not that relation exists between the parties.").

"Each partner has equal rights in the management and conduct of the partnership business."  Cal. Corp. Code § 16401(f.  "Absent such right, the mere fact that one party is to receive benefits in consideration of services rendered or for capital contribution does not, as a matter of law, make him a partner."  *Simmons v. Ware*, 213 Cal. App. 4th 1035, 1056 (2013). Partners may delegate their management responsibilities.  *See Dills v. Delira Corp.*, 145 Cal. App.

---

[4] Prior to 1949, profit sharing was a statutory element of a partnership.  "Profit sharing" is now evidence of a partnership, but not a necessary element.  *See* Cal. Corp. Code § 16202(c)(3); *Holmes*, 74 Cal. App. 4th at 453.

United States District Court
Northern District of California

United States District Court
Northern District of California

2d 124, 132 (1956) ("the making of the agreement to relinquish control is itself an exercise of the requisite *right to control*") (emphasis in original); *Constans v. Ross*, 106 Cal. App. 2d 381, 388-89 (1951) ("[A]pportionment of duties does not preclude the existence of a partnership.  One partner may be given the right of management."); *Cochran v. Bd. Of Supervisors*, 85 Cal. App. 3d 75, 81 (1978) (a partnership is not "disprove[n] by a finding of unequal duties, contributions or distribution of profits").

The parties agree that Mr. Eisen and Ms. Day were members of a partnership during the time Mr. Eisen was a member of the band.  Dkt. No. 1 at ECF 6 (Eisen Compl. ¶¶ 1, 7-9); *id.* at ECF 41 (Day Cross Compl. ¶¶ 9, 15); Dkt. No. 76 at ECF 6; Dkt. No. 95 at 1.  However, they dispute the membership, time span, and terms of the partnership.  These disputes are material and preclude summary adjudication or partial summary judgment.  For example, the parties dispute whether the partnership was formed in 2009 when the band was first formed, or in late 2013 or 2014 when Mr. Eisen and Ms. Day began booking most of the band's private gigs.  *Id.* at ECF 32-33 (Height Decl. ¶¶ 2-10); Dkt. No. 76-1 ¶¶ 10-13 (Eisen Decl.); Dkt. No. 95 at 6; Dkt. No. 76 at ECF 6.  The parties also dispute whether the partnership was comprised of all regular members of the band, or only Mr. Eisen and Ms. Day.  Dkt. No. 95 at ECF 40 (Day Decl. ¶¶ 2-5); Dkt. No. 76-1 ¶¶ 8-10, 25 (Eisen Decl.); Dkt. No. 76 at ECF 10-15; Dkt. No. 95 at 6-13.  And they dispute material terms of the partnership, including whether there was an agreed mechanism for involuntarily terminating a partner's membership, or whether a partner could only be expelled from the partnership following a judicial determination pursuant to Cal. Corp. Code § 16601(5).  Dkt. No. 1 at ECF 40 (Day Cross Compl. ¶¶ 4-6); *id.* at ECF 12 (Eisen Compl. ¶¶ 50-52); Dkt. No. 76-2 at ECF 112 (Burns dep. Tr. 118:17-19); Dkt. No. 76-1 ¶¶ 40-49 (Eisen Decl.); Dkt. No. 95 at 4; Dkt. No. 76 at ECF 23-25.

The Eisen parties argue that the parties' joint case management statement includes the representation that "Eisen is entitled to financial compensation for his ownership interest in the band," and that Ms. Day may not now dispute this point.  Dkt. No. 98 at ECF 16; Dkt. No. 11 at 3.  This argument does not appear in the Eisen parties' opening brief, but was raised for the first time in their reply.

United States District Court
Northern District of California

1    Under federal law, "[f]actual assertions in pleadings and pretrial orders, unless amended,

2 are considered judicial admissions conclusively binding on the party who made them." *Am. Title*

3 *Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). However, the concept of judicial

4 admissions applies only to factual assertions, not legal conclusions. *See Nat'l Abortion Fed'n v.*

5 *Ctr. For Med. Progress*, 134 F. Supp. 3d 1199, 1205 (N.D. Cal. 2015) ("Parties are only bound by

6 factual allegations in a complaint, and not legal conclusions."); *Lam Research Corp. v. Schunk*

7 *Semiconductor*, 65 F. Supp. 3d 863, 870 (N.D. Cal. 2014) ("statements of law or legal argument

8 . . . fall outside the concept of judicial admissions"). As noted above, the parties agree that Mr.

9 Eisen was a member of a general partnership and that he had an ownership interest in the

10 partnership. *See* Dkt. No. 105 at 28:15-29:24. However, the assertion that Mr. Eisen is therefore

11 "entitled to financial compensation for his ownership interest in the band" is a legal conclusion,

12 not a judicial admission of fact. Dkt. No. 11 at 3. Indeed, at the hearing, Ms. Day disavowed this

13 statement and disputed the proposition that Mr. Eisen is entitled to compensation. Dkt. No. 105 at

14 26:24-27:12, 31:11-32:6.

15    In any event, because the joint case management statement is not a pleading or a pretrial

16 order the Court has discretion to determine whether to deem it admitted. *See Am. Title Ins. Co.*,

17 861 F.2d at 227 ("[S]tatements of fact contained in a brief *may* be considered admissions of the

18 party in the discretion of the district court.") (emphasis in original); *Sicor Ltd. v. Cetus Corp.*, 51

19 F.3d 848, 859-60 (9th Cir. 1995) ("Where [] the party making an ostensible judicial admission

20 explains the error in a subsequent pleading or by amendment, the trial court must accord the

21 explanation due weight."). Given the record presented in connection with the motion, it appears

22 that the evidence regarding Mr. Eisen's entitlement to compensation is genuinely disputed. In

23 these circumstances the Court concludes that the interests of justice are best served by finding the

24 statement is not a binding judicial admission.[5]

25    In sum, the record reflects material disputes of fact that preclude summary adjudication or

---

[5] It does not appear that the Eisen parties will suffer any prejudice if the statement is not deemed a
judicial admission. They raised the purported admission for the first time in their reply, and the
record reflects that they have not relied on any purported admission, but have taken discovery on
issues of liability and damages. Dkt. No. 98 at ECF 4.

partial summary judgment in the Eisen parties' favor with respect to claims 1, 2, 3, and 6.  *See Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1035-36 (9th Cir. 2005) (quoting *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987)) ("At [summary judgment], the judge does not weigh disputed evidence with respect to a disputed material fact.  Nor does the judge make credibility determinations with respect to statements made in affidavits, answers to interrogatories, admissions, or depositions.  These determinations are within the province of the factfinder at trial.").[6]

**IV.    CONCLUSION**

The Court denies the Eisen parties' motion for summary adjudication or partial summary judgment.

**IT IS SO ORDERED.**

Dated: November 2, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[6] The Eisen parties ask the Court to award attorneys' fees because Ms. Day has "acted arbitrarily, vexatiously, or not in good faith."  Dkt. No. 76 at ECF 30 (citing Cal. Corp. Code § 16701(i)).  This request is denied.

8