UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOAM EISEN, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>EMILY DAY,<br><br>　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.  21-cv-05349-VKD<br><br>**ORDER CONDITIONALLY GRANTING DEFENDANT DAY'S MOTION TO FILE AMENDED CROSS-COMPLAINT**<br><br>Re: Dkt. No. 106 |

Defendant and counter-claimant Emily Day moves for leave to file an amended cross-complaint[1] against plaintiff and counter-defendant Noam Eisen. Dkt. No. 106. The proposed amended cross-complaint omits a counterclaim for copyright infringement that Ms. Day asserted in the original cross-complaint. *See* Dkt. No. 1, Ex. E ¶¶ 40-44. Mr. Eisen opposes this motion, unless the copyright infringement counterclaim is dismissed with prejudice and he is awarded attorneys' fees as a prevailing party pursuant to the Copyright Act, 17 U.S.C. § 505. *See* Dkt. No. 108.[2]

The Court held a hearing on the motion on December 19, 2023. Dkt. No. 112. Upon consideration of the moving and responding papers, as well as the arguments presented at the

---

[1] The original cross-complaint was filed as a separate pleading in state court prior to removal of the action. The Court refers to the proposed amended pleading as a "cross-complaint" but refers to the claims therein as "counterclaims." *See* Fed. R. Civ. P. 7, 13.

[2] For the reasons explained in a separate order, the Court does not consider the material in Mr. Eisen's opposition at Dkt. No. 108 at 4:7-11 and 5:20-26 or in the supporting declaration at Dkt. No. 108-1 ¶ 7.

1  hearing, the Court grants Ms. Day's motion to file an amended cross-complaint, on the condition
2  that the copyright infringement counterclaim shall be considered dismissed with prejudice. The
3  Court denies Mr. Eisen's request for attorneys' fees without prejudice.

**I.  BACKGROUND**

In her cross-complaint, filed in state court on June 24, 2021, Ms. Day alleged that she was the "sole owner" of the Cosmo Alleycats logo, which she registered with the Copyright Office on November 16, 2020. Dkt. No. 1, Ex. E ¶ 41. She accused Mr. Eisen of infringing on her copyright by displaying the logo without her consent on his website. *Id.* ¶¶ 42-44. On the basis of this copyright infringement counterclaim, defendants removed the entire action to federal court pursuant to 28 U.S.C. § 1454 on July 13, 2021. *Id.* ¶ 11.

According to Mr. Eisen, Ms. Day produced documents in January of 2022 that showed the copyright counterclaim lacked merit. Dkt. No. 108 at 3. Then, when Ms. Day was deposed on October 5, 2022, she admitted that the band's logo was based on a "cover of a magazine for a French design company from the early 1970s" that she had found through a Google image search. Dkt. No. 108-1, Ex. B (Day dep. 177:17-178:6).

After Mr. Eisen and his co-plaintiff moved for partial summary judgment, Ms. Day filed for bankruptcy protection, and as a result, the Court stayed proceedings in this case on March 6, 2023. Dkt. No. 79. Ms. Day claims that "shortly after [she] filed for bankruptcy . . . [her] attorneys informed Eisen's counsel of their intent to dismiss the copyright claim." Dkt. No. 109 at 3. Ms. Day also notes that she did not include the copyright claim in her counterclaim against Mr. Eisen in adversary bankruptcy proceedings. *See id.* at 3, Ex. A.

After the parties agreed to terminate the bankruptcy stay of these proceedings in August 2023, Mr. Eisen requested permission to amend his motion for summary judgment to include a challenge to Ms. Day's copyright infringement counterclaim. *See* Dkt. No. 84; Dkt. No. 104 at 7:19-8:4. However, during a status conference on September 19, 2023, Ms. Day's counsel advised the Court and Mr. Eisen that she no longer wished to pursue the counterclaim and planned to dismiss it. Dkt. No. 104 at 9:19-10:6 ("I would also like to add regarding the copyright infringement claim, . . . we've offered to dismiss that claim out of the case. . . . So, there's really

no reason to put it into an MSJ when we've freely offered to remove it from the case."); *id.* at 18:22-19:3 ("THE COURT: . . . So, I take it that the Day parties or Ms. Day in particular, since it's her claim, . . . doesn't wish to pursue the copyright infringement claim at this time. Is that correct, Mr. McClelland? MR. MCCLELLAND: That's correct."). Mr. Eisen's counsel informed the Court that he did not anticipate having any objection to the counterclaim being dismissed, but intended to seek an award of attorneys' fees. *Id.* at 19:6-11. The Court relied on these representations, in part, in denying Mr. Eisen's request to amend his motion for summary judgment. *See* Dkt. No. 94.

After prodding by the Court at the October 24, 2023 summary judgment hearing, Ms. Day filed this motion to amend her cross-complaint on November 1, 2023. *See* Dkt. No. 105 at 25:18-23; Dkt. No. 106.

## II.     DISCUSSION

### A.     Ms. Day's Motion to for Leave to Amend

"Federal Rule of Civil Procedure 15(a) is the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 688 (9th Cir. 2005) (cleaned up); *see also Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988). That rule provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party is the "touchstone of the inquiry under [R]ule 15(a)" and "carries the greatest weight" among the factors identified in *Foman*. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981).

3

"The district court may, in its discretion, impose 'reasonable conditions' on a grant of leave to amend a complaint." *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985) (cleaned up). "In determining whether to impose conditions, the factors that are relevant to determining whether to grant leave initially may be considered." *Id.*; *see also Upek, Inc. v. Authentec, Inc.*, No. 10-424-JF PVT, 2010 WL 2681734, at *4 (N.D. Cal. July 6, 2010) ("In the exercise of sound discretion, the granting of leave to amend can be conditioned in order to avoid prejudice to the opposing party.") (cleaned up). Such conditions may include "that claims contained in the original complaint but not included in the amended complaint be considered dismissed with prejudice." *Vanguard Logistics Servs. (USA), Inc. v. Groupage Servs. of New England, LLC*, No. CV 18-517 DSF (GJSx), 2021 WL 4520969, at *1 (C.D. Cal. Jan. 4, 2021) (quoting *Matlink, Inc. v. Home Depot U.S.A., Inc.*, No. 07-CV-1994 DMS (BLM), 2008 WL 11338407, at *1 (S.D. Cal. July 10, 2008)).

Ms. Day argues that she should be permitted to amend her cross-complaint without any conditions. Mr. Eisen does not object to the filing of an amended cross-complaint without a copyright infringement counterclaim, but he insists that amendment should be "conditioned on a finding by this Court (i) that the dismissal is with prejudice, and (ii) that Day pay Eisen's costs and fees incurred as a result of this meritless cause of action." Dkt. No. 108 at 2, 5. The crux of Mr. Eisen's argument is that allowing Ms. Day to file an amended cross-complaint, which would have the effect of dismissing the copyright infringement counterclaim without prejudice, would preclude him from seeking attorneys' fees as a prevailing party under the Copyright Act. *Id.* at 6; *Hells Canyon Pres. Council*, 403 F.3d at 690 ("It is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment."). Mr. Eisen also contends that Ms. Day acted in bad faith by filing the counterclaim in the first instance and by unduly delaying in removing it from this action. Dkt. No. 108 at 5. Ms. Day does not directly address Mr. Eisen's arguments about how amendment without prejudice would undermine Mr. Eisen's status as a prevailing party and his ability to recover attorneys' fees and costs. However, Ms. Day argues that she has not unduly delayed seeking leave to amend, nor acted in bad faith, and she disputes the amount of attorneys' fees and costs Mr. Eisen claims to have

4

incurred. *See* Dkt. No. 109.

The Court agrees with Mr. Eisen that leave to amend should be conditioned on dismissal with prejudice of Ms. Day's copyright infringement counterclaim. The record suggests that the copyright infringement counterclaim lacks merit. Ms. Day first advised this Court of her intent to withdraw the counterclaim after Mr. Eisen requested permission to move for summary judgment on it. *See* Dkt. No. 104 at 9:19-10:6. Under these circumstances, a dismissal without prejudice—leaving open the possibility that the copyright infringement counterclaim could be reasserted in another action against Mr. Eisen—would cause Mr. Eisen prejudice. *See EON Corp IP Holdings LLC v. Apple Inc.*, No. 14-CV-05511-WHO, 2015 WL 4914984, at *6 (N.D. Cal. Aug. 17, 2015) (dismissal without prejudice would prejudice defendant by allowing plaintiff to re-file action); *AF Holdings LLC v. Navasca*, No. C-12-2396 EMC, 2013 WL 1748011, at *4 (N.D. Cal. Apr. 23, 2013) ("[I]f [the Court] were to dismiss AF's action without prejudice, then Mr. Navasca would in fact suffer legal prejudice in that he would be deprived, at the very least, of the benefit of rulings favorable to him."). Additionally, as Mr. Eisen observes, a dismissal without prejudice would preclude him from seeking attorneys' fees as a prevailing party under the Copyright Act. *See Cadkin v. Loose*, 569 F.3d 1142, 1148-49 (9th Cir. 2009). This too is a form of legal prejudice. *See United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012) ("The Itos suffered plain legal prejudice in losing their ability to move for attorney's fees."); *Breaking Code Silence v. Papciak*, No. 21-CV-00918-BAS-DEB, 2022 WL 3362053, at *2 (S.D. Cal. Aug. 15, 2022) (granting plaintiff's request to dismiss Lanham Act claim on the condition that the dismissal be with prejudice in order to preserve defendant's ability to move for attorneys' fees).[3]

Accordingly, the Court grants Ms. Day's motion for leave to file the proposed amended cross-complaint, on the condition that her copyright infringement counterclaim shall be considered

---

[3] The Court's determination that Mr. Eisen would suffer prejudice if he lost the opportunity to move for attorneys' fees does not reflect the Court's assessment of the merits of any such a motion. It only finds that the foreclosure of such a motion would be prejudicial. *See Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, No. 2:15-cv-02812-ODW (CWx), 2016 WL 5842187, at *2-4 (C.D. Cal. Oct. 5, 2016) (dismissing claim with prejudice to facilitate filing of request for attorneys' fees and denying resultant fee request); *Breaking Code Silence*, 2022 WL 3362053, at *2 (dismissing claim with prejudice and ordering separate briefing on motion for attorneys' fees).

dismissed with prejudice.

### B. Mr. Eisen's Motion for Attorneys' Fees and Costs

Mr. Eisen includes a request for attorneys' fees and costs in his opposition to Ms. Day's motion for leave to amend. *See* Dkt. No. 108 at 6-8. The Court denies this motion without prejudice for failure to comply with Civil Local Rule 54-5, which requires counsel to meet and confer prior to filing requests for attorneys' fees.

Mr. Eisen may file a renewed motion that complies with the Local Rules if he wishes.

### III. CONCLUSION

For the foregoing reasons, the Court grants Ms. Day's motion to for leave to file the proposed amended cross-complaint, on the condition that the copyright infringement counterclaim shall be considered dismissed with prejudice. Ms. Day shall file her proposed amended cross-complaint by **December 29, 2023**.[4] Counter-defendants' answer at Dkt. No. 4 shall be deemed the answer to the amended cross-complaint.

If Ms. Day elects not to accept the Court's condition, she may withdraw her motion for leave to amend by so advising the Court by **December 29, 2023**. Thereafter, the Court will revisit Mr. Eisen's prior request for leave to move for summary judgment on the copyright infringement counterclaim.

**IT IS SO ORDERED.**

Dated: December 19, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[4] If Ms. Day files the amended cross-complaint she may also correct the typographical error that appears in ¶ 80 of the cross-complaint, as discussed at the hearing, but may make no other changes.