UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NOAM EISEN, et al.,

        Plaintiffs,

   v.

EMILY DAY,

        Defendant.

AND RELATED COUNTERCLAIMS

Case No. 21-cv-05349-VKD

**PRETRIAL ORDER NO. 1**

The Court held a final pretrial conference on March 20, 2024 and now orders as follows:

**1.  Issues to Be Decided at Trial**

    **a.  Claims**

Plaintiffs Noam Eisen and The Cosmo Alleycats general partnership (collectively, "Eisen parties") assert the following claims for trial against defendant Emily Day:

1. Claim 1: Breach of oral contract;
2. Claim 2: Breach of implied contract;
3. Claim 3: Breach of fiduciary duty;
4. Claim 4: Interference with contracts;
5. Claim 5: Interference with prospective economic relations;
6. Claim 6: Conversion;
7. Claim 7: Unfair competition under Cal. Bus. & Prof. Code § 17200;
8. Claim 8: Accounting;
9. Claim 9: Defamation; and

        10. Claim 10:  Injunctive relief/declaratory judgment.

Counterclaimants Emily Day and Cosmo Alleycats LLC (collectively, "Day parties") assert the following counterclaims for trial against counter-defendant Noam Eisen:

1. Claim 2:  False designation of origin under 15 U.S.C. § 1125(a) (by Cosmo Alleycats LLC alone);
2. Claim 3:  Infringement of statutory right of publicity under Cal. Civ. Code § 3344 (by Day alone);
3. Claim 4:  Infringement of common law right of publicity (by Day alone);
4. Claim 5:  Breach of fiduciary duty;
5. Claim 6:  Defamation (by Day alone);
6. Claim 7:  Interference with prospective economic relations; and
7. Claim 8:  Unfair competition under Cal. Bus. & Prof. Code § 17200.

    **b.**    **Affirmative Defenses**

The parties identify numerous "affirmative defenses" that remain for trial.  *See* Dkt. No. 139 at 3-6.  In view of the discussion during the pretrial conference, the parties shall file a supplemental pretrial submission advising the Court of which affirmative defenses each will assert for trial and identifying the claims to which each such defense relates.  The supplemental submission is due no later than **April 4, 2024**.

**2.**    **Bench Trial**

A bench trial will be held in **Courtroom 2, 5th floor**, 280 South First Street, San Jose, California from **April 17-24, 2024**.  Trial will be conducted from **9:00 a.m. to 12:10 p.m.** every weekday, with one ten-minute break.  Counsel may need to arrive earlier or stay later to address issues with the Court.

Each side will have up to **9 hours total** for the presentation of evidence (direct and cross examination), optional opening statements, closing arguments.

**3.**    **Exclusion of Non-Party Witnesses, Recording, and Photographing**

All non-party witnesses, except expert witnesses, are excluded from the courtroom and may not have access to a record or summary of the trial evidence until they have completed their

testimony, have been excused by the Court, and are not subject to recall. Expert witnesses may observe trial and may have access to a record or summary of the trial evidence.

Recording and photographing in the courtroom are prohibited.

### 4. Witnesses and Exhibits

Except as provided in the Court's separate order regarding the parties' motions in limine, the Court defers ruling on any objections regarding witness testimony and exhibits until trial.

As discussed during the pretrial conference, the parties agree that a witness listed on both plaintiffs' and defendants' witness lists may be fully examined by both sides when the witness is first called, so as to minimize the burden on the witness. Notwithstanding this agreement, such witness may be recalled by a party, if necessary.

The parties must have their witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Time spent waiting for a witness to arrive in Court will be counted against the time allocated to a party for presentation of evidence. The Court is willing to allow a witness to be called out of order to accommodate the witness's schedule, so long as the party calling the witness provides adequate notice to the opposing party and the Court.

As requested, witnesses Emily Wade Adams and Andrew Storar may testify remotely by Zoom videoconference. *See* Dkt. No. 138; Dkt. No. 139 at 36. The parties must coordinate with courtroom deputy Adriana Kratzmann (vkdcrd@cand.uscourts.gov) to ensure that witnesses testifying by videoconference have the technological means to do so.

The parties may stipulate to the admission of exhibits in advance of or during trial.

The parties are expected to provide each other with notice of the order and timing of witnesses to be called at trial, the exhibits to be used with each witness (other than for impeachment), and demonstratives to be used with witnesses, in opening statements, and in closing arguments. The parties must confer in advance of trial regarding the manner and timing of such notices so that objections to evidence may be raised with and resolved by the Court without delaying the conduct of the trial.

**5.     Technology and Equipment**

If a party wishes to bring electronic equipment or other large items into the courthouse, the party must file a request and proposed order with the Court by **April 10, 2024**.  Such equipment must be tested in the courtroom prior to trial.

**6.     Trial Transcripts**

Instructions on how to file a request for a transcript using Form CAND-435 are available at: https://cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/.

**IT IS SO ORDERED.**

Dated: March 21, 2024

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

4